IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| APACHE CORPORATION, | § | Case No. 4:12-cv-02965 |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | JUDGE KEITH P. ELLISON |
| MOTION PICTURE LICENSING CORPORATION, | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT MOTION PICTURE LICENSING CORPORATION'S
MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION
AND FOR FAILURE TO STATE A CLAIM, AND BRIEF IN SUPPORT**

Orrin L. Harrison III
Attorney-in-Charge
Texas Bar No. 09130700
Southern District of Texas Bar No. 12823
Lisa S. Gallerano
Texas Bar No. 07589500
Southern District of Texas Bar No. 11005
AKIN GUMP STRAUSS HAUER & FELD LLP
1700 Pacific Ave., Ste. 4100
Dallas, Texas 75201
(214) 969-2800
(214) 969-4343 (Facsimile)
oharrison@akingump.com
lgallerano@akingump.com

**ATTORNEYS FOR DEFENDANT MOTION
PICTURE LICENSING CORPORATION**

**TABLE OF CONTENTS**

I. INTRODUCTION ...................................................................................................1

II. NATURE AND STAGE OF PROCEEDINGS ......................................................2

III. STATEMENT OF THE ISSUES AND STANDARDS OF REVIEW.................2

IV. SUMMARY OF THE ARGUMENT .....................................................................3

V. ARGUMENT............................................................................................................4

    A. Apache's Complaint Must Be Dismissed For Lack Of Subject Matter Jurisdiction. ...................................................................................................4

        1. No case or controversy exists under the Declaratory Judgment Act. ..................................................................................................5

            (a) MPLC cannot sue Apache for copyright infringement. ...................6

            (b) Apache knows that MPLC cannot sue for infringement..................9

        2. MPLC does not have standing to bring a copyright infringement action against Apache...........................................................10

    B. Apache's Complaint Fails To State A Claim Upon Which Relief Can Be Granted. ..................................................................................................11

VI. CONCLUSION AND PRAYER..........................................................................13

# **TABLE OF AUTHORITIES**

**CASES**

*Allied Mktg. Grp., Inc. v. CDL Mktg., Inc.*,
   878 F.2d 806 (5th Cir. 1989) ..................................................................................6, 8

*Arena v. Graybar Elec. Co.*,
   669 F.3d 214 (5th Cir. 2012) ................................................................................3, 4, 5

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)..................................................................................................3, 12

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007)..................................................................................................3, 12

*Blanchard 1986, Ltd. v. Park Plantation, LLC*,
   553 F.3d 405 (5th Cir. 2008) ........................................................................................10

*Bourne Co. v. Hunter Country Club, Inc.*,
   990 F.2d 934 (7th Cir. 1993) ..............................................................................8, 11, 13

*Davis v. Blige*,
   505 F.3d 90 (2d Cir. 2007)..........................................................................................6, 8

*Granite Music Corp. v. Center Street Smoke House, Inc.*,
   786 F. Supp. 2d 716 (W.D.N.Y. 2011)................................................................8, 11, 13

*Hulex Music v. C.F. Maint. & Prop. Mgmt., Inc.*,
   115 F.R.D. 303 (D. Neb. 1987)..........................................................................9, 11, 13

*In re Great Lakes Dredge & Dock Co. LLC*,
   624 F.3d 201 (5th Cir. 2010) ....................................................................................3, 12

*Lowe v. Ingalls Shipbuilding*,
   723 F.2d 1173 (5th Cir. 1984) ................................................................................10, 11

*MedImmune, Inc. v. Genentech, Inc.*,
   549 U.S. 118 (2007)...........................................................................................................6

*Original Appalachian Artworks, Inc., v. Schlaifer Nance & Co.*,
   679 F. Supp. 1564 (N.D. Ga. 1987) ..................................................................9, 11, 13

*Orix Credit Alliance, Inc. v. Wolfe*,
   212 F.3d 891 (5th Cir. 2000) ...........................................................................5, 6, 9, 10

*R. Ready Prods., Inc. v. Cantrell*,
   85 F. Supp. 2d 672 (S.D. Tex. 2000) ..........................................................................6, 8

*Ramming v. United States*,
   281 F.3d 158 (5th Cir. 2001) ......................................................................................3, 5

*Rios v. City of Del Rio, Tex.*,
    444 F.3d 417 (5th Cir. 2006) ....................................................................................... 3, 12, 13

*Rivera v. Wyeth-Ayerst Labs.*,
    283 F.3d 315 (5th Cir. 2002) .................................................................................................. 10

*Rodriguez v. Christus Spohn Health Sys. Corp.*,
    628 F.3d 731 (5th Cir. 2010) ................................................................................................ 3, 5

*Seastrunk v. Darwell Integrated Tech., Inc.*,
    No. 3:05-cv-0531-G, 2005 WL 1667811 (N.D. Tex. Jul. 15, 2005) ......................................... 8

*Stuart Weitzman, LLC v. Microcomputer Resources, Inc.*,
    542 F.3d 859 (11th Cir. 2008) ......................................................................................... 10, 11

*Ultraflo Corp. v. Pelican Tank Parts, Inc.*,
    823 F. Supp. 2d 578 (S.D. Tex. 2011) ............................................................................. 10, 11

*Whitmore v. Arkansas*,
    495 U.S. 149 (1990) ............................................................................................................... 10

*Wright v. Spindletop Films, L.L.C.*,
    830 F. Supp. 2d 280 (S.D. Tex. 2011) ................................................................................. 6, 9

*Wright v. Spindletop Films, L.L.C.*,
    No. 4:10-CV-4549, 2011 WL 3273125 (S.D. Tex. Jul. 28, 2011) ........................................ 3, 5

**STATUTES**

17 U.S.C. § 101 ............................................................................................................................ 2, 7

17 U.S.C. § 106 .................................................................................................................. 7, 8, 9, 11

17 U.S.C. § 501(b) .............................................................................................................. 6, 7, 8, 13

28 U.S.C. § 2201 .......................................................................................................................... 2, 5

**RULES**

Fed. R. Civ. P. 12(b)(1) .......................................................................................................... *passim*

Fed. R. Civ. P. 12(b)(6) .......................................................................................................... *passim*

Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), respectively, Defendant Motion Picture Licensing Corporation ("MPLC") moves for an order dismissing Plaintiff Apache Corporation's ("Apache") suit for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted.

## I. INTRODUCTION

Defendant MPLC is a copyright licensing agency. MPLC and Plaintiff Apache engaged in negotiations for a potential license covering the public performance of motion pictures and other audiovisual programs on Apache's offshore platforms. After negotiations fell through, Apache filed this suit against MPLC seeking a declaration of non-infringement for its employees and contractors' viewing of movies on Apache's offshore platforms. As a copyright licensing agency, however, MPLC does not own any copyrights and has no rights to sue to enforce those copyrights. MPLC has notified Apache of these facts and assured Apache that it has no reasonable apprehension of suit by MPLC, yet Apache refuses to dismiss the suit against MPLC.

This declaratory judgment suit must be dismissed for lack of subject matter jurisdiction pursuant to Rule 12(b)(1). There is no case or controversy under the Declaratory Judgment Act because (1) MPLC cannot sue Apache for infringement, and (2) MPLC has notified Apache that it cannot and will not sue Apache for infringement. Further, MPLC lacks standing to bring a copyright infringement action against Apache.

In addition, the case should be dismiss for failure to state a claim pursuant to Rule 12(b)(6) because Apache has not alleged (and cannot allege) that MPLC is the owner or exclusive licensee of the copyrights at issue—necessary elements to state a claim for a declaration of non-infringement.

## II.   NATURE AND STAGE OF PROCEEDINGS

MPLC is a copyright licensing agency. Compl. ¶¶ 1, 18. Apache is an oil and gas exploration and production company. *Id*. ¶¶ 1, 14. While stationed on Apache's 138 manned offshore platforms in the Gulf of Mexico, Apache's employees and contractors view movies during their break periods. *Id*. ¶¶ 1-2, 14-15, 17. Apache and MPLC entered into negotiations for a license agreement for the public performance of the copyrighted movies. *Id*. ¶ 3. Ultimately, Apache did not obtain a license.

Apache filed its Complaint against MPLC on October 4, 2012. (Docket No. 1.) Pursuant to 28 U.S.C. § 2201, Apache seeks a judgment declaring that its "use of satellite programming on offshore platforms" does not constitute infringement under the United States Copyright Act, 17 U.S.C. § 101 *et seq*. Compl. ¶ 24. Apache's own Complaint alleges that MPLC is a copyright licensing agency—not a copyright owner or exclusive licensee. *Id*. ¶¶ 1, 18.

The parties filed an agreed motion to extend the deadline to answer or move as to Apache's Complaint (Docket No. 10), which the Court granted on November 30, 2012 (Docket No. 11). MPLC now timely moves to dismiss Apache's Complaint for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted.

## III.   STATEMENT OF THE ISSUES AND STANDARDS OF REVIEW

**Issue: 1:**   Should Apache's suit be dismissed for lack of subject matter jurisdiction because there is no case or controversy under the Declaratory Judgment Act as (1) MPLC cannot sue Apache for infringement, and (2) MPLC has notified Apache that it cannot and will not sue Apache for infringement, and/or because MPLC lacks standing to bring a copyright infringement action against Apache?

**Standard of Review:** The plaintiff has the burden of proving that jurisdiction exists to survive a Rule 12(b)(1) motion, and the court should consider the jurisdictional challenge first

when, as here, a Rule 12(b)(1) motion is brought with a Rule 12(b)(6) motion. *See Arena v. Graybar Elec. Co.*, 669 F.3d 214, 219, 223-24 (5th Cir. 2012); *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). The court can decide a Rule 12(b)(1) motion based on evidence concerning subject matter jurisdiction. *Rodriguez v. Christus Spohn Health Sys. Corp.*, 628 F.3d 731, 734 (5th Cir. 2010); *Wright v. Spindletop Films, L.L.C.*, No. 4:10-CV-4549, 2011 WL 3273125, at *1 (S.D. Tex. Jul. 28, 2011).

**Issue: 2:** Should Apache's suit be dismissed for failure to state a claim pursuant to Rule 12(b)(6) because Apache has not alleged that MPLC is the owner or exclusive licensee of the copyrights at issue—necessary elements to state a claim for a declaration of non-infringement?

**Standard of Review:** In considering a Rule 12(b)(6) motion to dismiss, plaintiff's well-pleaded factual allegations are taken as true, but "conclusory allegations, unwarranted factual inferences, [and] legal conclusions" are insufficient to defeat a motion to dismiss. *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 210 (5th Cir. 2010) (citations omitted); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). "Dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief…." *Rios v. City of Del Rio, Tex.*, 444 F.3d 417, 421 (5th Cir. 2006) (quotation omitted).

IV.   **SUMMARY OF THE ARGUMENT**

Apache's suit for a declaration of non-infringement is replete with jurisdictional and pleading errors, and, accordingly, must be dismissed. At the outset, the suit must be dismissed for lack of subject matter jurisdiction because the requisite justiciable case or controversy under the Declaratory Judgment Act does not exist. The law is well-settled that copyright licensing agencies, like MPLC, have no right to bring copyright infringement claims. Only copyright

3

owners and exclusive licensees can bring infringement claims. Therefore, there is no "definite and concrete" dispute between Apache and MPLC; MPLC has no legal right to sue Apache for infringement. What is more, MPLC advised Apache in writing that others own the copyrights and that MPLC cannot and will not sue Apache for infringement. As a "substantial controversy" of "sufficient immediacy and reality" to warrant declaratory relief is absent, this Court lacks subject matter jurisdiction and must dismiss the case.

Further, this Court lacks jurisdiction for the additional reason that MPLC would lack standing to sue Apache for infringement. In the declaratory judgment context in which this suit arises, the relevant inquiry is whether MPLC would have standing to sue Apache for copyright infringement. Case law is clear that copyright licensing agencies like MPLC lack standing to sue for infringement.

Apache has no misapprehension of MPLC's status as a copyright licensing agency, as demonstrated by Apache's Complaint. Apache properly alleges that MPLC is a copyright licensing agency. Apache does not allege that MPLC is the copyright owner or exclusive licensee—the only parties who could bring an infringement suit. Apache's failure to plead this basic element of a copyright infringement claim is fatal under Rule 12(b)(6).

## V.   ARGUMENT

### A.   Apache's Complaint Must Be Dismissed For Lack Of Subject Matter Jurisdiction.

"Proper jurisdiction for a federal court is fundamental and necessary before touching the substantive claims of a lawsuit." *Arena v. Graybar Elec. Co.*, 669 F.3d 214, 223 (5th Cir. 2012). Federal Rule of Civil Procedure 12(b)(1) is the proper vehicle for challenging subject matter jurisdiction. FED. R. CIV. P. 12(b)(1). When a Rule 12(b)(1) motion is brought in conjunction

with a Rule 12(b)(6) motion, the Court should consider the jurisdictional challenge first. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

The Court can decide a Rule 12(b)(1) motion based on evidence concerning subject matter jurisdiction. *Rodriguez v. Christus Spohn Health Sys. Corp.*, 628 F.3d 731, 734 (5th Cir. 2010) (lack of subject matter jurisdiction may be found using (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts); *Wright v. Spindletop Films, L.L.C.*, No. 4:10-CV-4549, 2011 WL 3273125, at *1 (S.D. Tex. Jul. 28, 2011) (same). The plaintiff has the burden of proving that jurisdiction exists to survive a Rule 12(b)(1) motion. *Arena*, 669 F.3d at 219.

Apache cannot meet its burden of proving that this Court has jurisdiction over its suit for declaratory judgment. No justiciable case or controversy exists under the Declaratory Judgment Act because MPLC cannot sue Apache for infringement. Moreover, MPLC has notified Apache that it cannot and will not sue Apache for infringement, thereby further obviating the "definite and concrete" dispute required for declaratory relief. Additionally, the Court lacks subject matter jurisdiction because, as a copyright licensing agency, MPLC lacks standing to bring a copyright infringement action against Apache.

### 1. **No case or controversy exists under the Declaratory Judgment Act.**

The Declaratory Judgment Act provides:

> In a case of actual controversy within its jurisdiction … any court of the United States … may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.

28 U.S.C. § 2201(a). In analyzing whether to decide or dismiss a declaratory judgment suit, district courts follow the three steps described in *Orix Credit Alliance, Inc. v. Wolfe*, 212 F.3d 891, 895 (5th Cir. 2000). Under *Orix*, the court considers: (1) whether the declaratory action is

5

justiciable; (2) whether the court has the authority to grant declaratory relief; and (3) whether the court should exercise its broad discretion to decide or dismiss the action. *Id.*; *see also Wright v. Spindletop Films, L.L.C.*, 830 F. Supp. 2d 280, 283-84 (S.D. Tex. 2011).

As to the first inquiry, the Declaratory Judgment Act's "actual controversy" requirement refers to "the type of 'Cases' and 'Controversies' that are justiciable under Article III." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (citation omitted). The existence of a case or controversy depends on "whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant issuance of a declaratory judgment." *Id.* (quotation omitted); *see also Wright*, 830 F. Supp. 2d at 284. Specifically, the Supreme Court requires that "the dispute be definite and concrete, touching the legal relations of parties having adverse legal interests." *MedImmune*, 549 U.S. at 127 (quotation omitted).

Here, there is no "definite and concrete" dispute and, therefore, no justiciable case or controversy exists, for two, independent reasons: (1) MPLC cannot sue Apache for infringement, and (2) MPLC has notified Apache that it cannot and will not sue Apache for infringement. Consequently, the Court should dismiss Apache's dispute under *Orix's* justiciability factor.

### (a) MPLC cannot sue Apache for copyright infringement.

Under the Copyright Act, only an owner or exclusive licensee can sue for infringement. 17 U.S.C. § 501(b); *Allied Mktg. Grp., Inc. v. CDL Mktg., Inc.*, 878 F.2d 806, 810 (5th Cir. 1989); *R. Ready Prods., Inc. v. Cantrell*, 85 F. Supp. 2d 672, 684 n.11 (S.D. Tex. 2000); *see also Davis v. Blige*, 505 F.3d 90, 101 (2d Cir. 2007) (nonexclusive licensee lacks rights to sue for

6

infringement, while "an exclusive licensee may sue others for infringement"). MPLC is not a copyright owner or exclusive licensee, and therefore cannot sue Apache for infringement.

Section 101 of the Copyright Act states, in pertinent part, "'Copyright owner', with respect to any one of the exclusive rights comprised in a copyright, refers to the owner of that particular right." 17 U.S.C. § 101. The copyright statutes endorse a doctrine of divisibility so that the various owners of different exclusive rights under the same copyright can each be treated as a copyright owner for the purpose of standing. To that effect, Section 501 states that, "The legal or beneficial owner of an exclusive right under a copyright is entitled, subject to the requirements of section 411, to institute an action for any infringement of that particular right committed while he or she is the owner of it." 17 U.S.C. § 501(b). The six statutorily recognized exclusive rights in copyright are listed in Section 106, including, a copyright owner's right to display and perform copyrighted works publicly or authorize the public display and performance of the copyrighted works. 17 U.S.C. § 106.[1] This list is generally recognized as

---

[1] Section 106 provides:

    Subject to sections 107 through 122, the owner of copyright under this title has the exclusive rights to do and to authorize any of the following:

    (1) to reproduce the copyrighted work in copies or phonorecords;

    (2) to prepare derivative works based upon the copyrighted work;

    (3) to distribute copies or phonorecords of the copyrighted work to the public by sale or other transfer of ownership, or by rental, lease, or lending;

    (4) in the case of literary, musical, dramatic, and choreographic works, pantomimes, and motion pictures and other audiovisual works, to perform the copyrighted work publicly;

    (5) in the case of literary, musical, dramatic, and choreographic works, pantomimes, and pictorial, graphic, or sculptural works, including the individual images of a motion picture or other audiovisual work, to display the copyrighted work publicly; and

    (6) in the case of sound recordings, to perform the copyrighted work publicly by means of a digital audio transmission.

17 U.S.C. § 106.

exhaustive. *See Seastrunk v. Darwell Integrated Tech., Inc.*, No. 3:05-cv-0531-G, 2005 WL 1667811, at *3 (N.D. Tex. Jul. 15, 2005).

A copyright owner or an exclusive licensee of one of the six Section 106 rights can bring a copyright infringement claim regarding the infringement of that right. *See* 17 U.S.C. § 501(b); *Allied Mktg.*, 878 F.2d at 810; *R. Ready Prods.*, 85 F. Supp. 2d at 684 n.11; *see also Davis v. Blige*, 505 F.3d at 101. While exclusive licensees may sue without joining the copyright owner, nonexclusive licensees of Section 106 rights are not given standing because nonexclusive licensees do not possess comparable ownership. *See Davis v. Blige*, 505 F.3d at 101.

MPLC does not hold any exclusive rights under the owners' copyrights and is not an exclusive licensee. Declaration of Julie S. Maresca ("Maresca Decl.") ¶¶ 2-3 and Exhibits B and C thereto. Further, MPLC does not have any contractual or other right to sue for infringement. Maresca Decl. ¶ 3. Rather, MPLC has been granted the right by motion picture copyright owners to offer public performance licenses to allow for the public performance of essentially the entire library of the copyright owners' motion pictures and other audiovisual programs that are intended for personal, private home use only. Maresca Decl. ¶ 2. The motion picture copyright owners retain public performance rights which may be exercised by the motion picture copyright owner or granted to other copyright licensing companies other than MPLC. *Id*.

MPLC's right to grant licenses is not one of the rights enumerated in Section 106 of the Copyright Act and therefore cannot be the basis for standing in a copyright infringement suit. *See, e.g.*, *Bourne Co. v. Hunter Country Club, Inc.*, 990 F.2d 934, 937 (7th Cir. 1993) (licensing agent is neither legal nor beneficial owner of copyright and has no interest in copyright); *Granite Music Corp. v. Center Street Smoke House, Inc.*, 786 F. Supp. 2d 716, 724 (W.D.N.Y. 2011) (performing rights licensing organization, which had been granted nonexclusive right to license

8

copyrighted musical compositions, lacked standing to bring copyright infringement action; only copyright owner and exclusive licensee had standing); *Original Appalachian Artworks, Inc., v. Schlaifer Nance & Co.*, 679 F. Supp. 1564, 1572 (N.D. Ga. 1987) (entity with right to authorize others to utilize the copyright lacked standing in a copyright infringement suit because its right was not one of the rights listed in Section 106); *see also Hulex Music v. C.F. Maint. & Prop. Mgmt., Inc*., 115 F.R.D. 303, 304 (D. Neb. 1987) (licensing agent was not legal or beneficial owner and therefore was not an indispensable or necessary party to an infringement suit). Therefore, there is no immediate (or any) threat of suit by MPLC against Apache necessary to meet the justiciable case or controversy requirement.

### *(b)   Apache knows that MPLC cannot sue for infringement.*

As discussed below, Apache itself does not allege that MPLC is a copyright owner or exclusive licensee. However, to the extent any uncertainty existed, MPLC notified Apache's counsel by letters dated November 14, 2012 and November 26, 2012 that MPLC does not own the copyrights and has no contractual or other right to sue to enforce the copyrights. Maresca Decl. ¶ 4 and Exhibits B and C thereto. The letters further state that, as a result, Apache can have no reasonable apprehension of suit by MPLC. *Id*., Exhibits B and C.[2]

As no justiciable controversy exists, the Court need not consider the next two steps of the *Orix* analysis for declaratory relief. *See Wright*, 830 F. Supp. 2d at 284. In any event, these two factors likewise support the dismissal of Apache's declaratory judgment suit. As to whether the Court has the authority to grant declaratory relief, as discussed below, MPLC lacks standing to sue for infringement because it is not the copyright owner or exclusive licensee of the copyrights at issue. Therefore, the Court lacks subject matter jurisdiction to grant Apache's requested

---

[2] MPLC's decision to stop negotiations with Apache for a license was not a threat of litigation.

9

declaration of non-infringement, and, accordingly, lacks the requisite "authority" under the second *Orix* factor to decide the case. Under the third *Orix* factor, the Court should not exercise its discretion to decide the case, as there is no justiciable controversy and no subject matter jurisdiction.

### 2. MPLC does not have standing to bring a copyright infringement action against Apache.

For a court to have subject matter jurisdiction, the parties must have standing to sue. *See Whitmore v. Arkansas*, 495 U.S. 149, 154-55 (1990); *Rivera v. Wyeth-Ayerst Labs.*, 283 F.3d 315, 318-19 (5th Cir. 2002). In the declaratory judgment context in which this suit arises, the question is whether MPLC would have standing to sue Apache for copyright infringement. The answer is no. As MPLC would lack standing to sue Apache for infringement, this Court lacks subject matter jurisdiction over Apache's request for a declaratory judgment of non-infringement.[3]

To determine whether jurisdiction exists over a declaratory judgment claim, "the normal position of the parties is reversed." *Stuart Weitzman, LLC v. Microcomputer Resources, Inc.*, 542 F.3d 859, 862 (11th Cir. 2008); *see also Lowe v. Ingalls Shipbuilding*, 723 F.2d 1173, 1179 (5th Cir. 1984); *Ultraflo Corp. v. Pelican Tank Parts, Inc.*, 823 F. Supp. 2d 578, 584 (S.D. Tex. 2011). The court must determine whether the course of action anticipated by the declaratory judgment plaintiff arises under federal law—i.e., whether "the plaintiff has alleged facts in a well-pleaded complaint which demonstrate that the defendant could file a coercive action arising under federal

---

[3] To the extent the standing issue is statutory and, therefore, properly addressed under Rule 12(b)(6), rather than constitutional standing addressed under Rule 12(b)(1), MPLC submits that it lacks standing to sue Apache for copyright infringement based on the face of Apache's Complaint. *See Blanchard 1986, Ltd. v. Park Plantation, LLC*, 553 F.3d 405, 409 (5th Cir. 2008). As discussed below, Apache has not alleged, as it must, that MPLC is the copyright owner or exclusive licensee of the copyrights at issue. Therefore, in the further alternative, MPLC moves to dismiss the Complaint for lack of standing pursuant to Rule 12(b)(6).

law." *Stuart Weitzman*, 542 F.3d at 862 (quotation omitted); *see also Lowe*, 723 F.2d at 1179; *Ultraflo*, 823 F. Supp. 2d at 584.

As explained above, MPLC is not the copyright owner or exclusive licensee; and Apache does not contend or allege otherwise. Rather, MPLC has been granted the right by motion picture copyright owners to offer public performance licenses to allow for the public performance of essentially the entire library of the copyright owners' motion pictures and other audiovisual programs that are intended for personal, private home use only. Maresca Decl. ¶ 2 and Exhibit A thereto (DOJ Business Review Letter). As evidenced by the DOJ Business Review Letter, MPLC does not engage in title-by-title licensing. Maresca Decl., Exhibit A, p. 2. The motion picture copyright owners have retained the rights to engage in title-by-title licensing, and they may license through other copyright licensing organizations (but not MPLC). Maresca Decl. ¶ 2 and Exhibit A, p. 2.

MPLC's right to grant licenses authorizing the use of the copyrighted films is not a protected right under copyright law, and, therefore, that right is no basis for standing in a copyright infringement suit. *See* 17 U.S.C. § 106; *Bourne Co.*, 990 F.2d at 937; *Granite Music Corp.*, 786 F. Supp. 2d at 724; *Original Appalachian Artworks, Inc.*, 679 F. Supp. at 1572; *Hulex Music*, 115 F.R.D. at 304. Further, MPLC has no contractual or other right to sue to enforce the copyrights. Maresca Decl. ¶ 3. Therefore, MPLC lacks standing to sue Apache for copyright infringement and, as a result, this Court lacks subject matter jurisdiction over Apache's claim for a declaratory judgment of non-infringement.

### B. Apache's Complaint Fails To State A Claim Upon Which Relief Can Be Granted.

In considering a Rule 12(b)(6) motion to dismiss, well-pleaded factual allegations are taken as true, but "conclusory allegations, unwarranted factual inferences, [and] legal

11

conclusions" are insufficient to defeat a motion to dismiss. *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 210 (5th Cir. 2010) (citations omitted). Instead, the factual allegations must be enough to raise the claimed right to relief above the speculative level, and sufficient to create a reasonable expectation that discovery will reveal evidence to support the claim. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[B]lanket assertion[s] of entitlement to relief" are insufficient, as are labels, conclusions, plainly false allegations, and formulaic recitations of the elements of a cause of action. *Twombly,* 550 U.S. at 556 & n.3; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). "Dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief…." *Rios v. City of Del Rio, Texas*, 444 F.3d 417, 421 (5th Cir. 2006) (quotation omitted). Apache's Complaint fails on the independent basis that it does not allege an essential element of infringement, falls well short of the pleading standards, and must be dismissed.

Apache pleads, in a conclusory fashion, that it is entitled to a declaration that its use of satellite programming on offshore platforms is not infringement. As explained above, in the declaratory judgment context, the roles of the parties are reversed and the court looks to whether the defendant could assert the claim at issue against plaintiff: in this case, whether MPLC could sue Apache for copyright infringement. As discussed, only the copyright owner or exclusive licensee can maintain an infringement claim. Apache has not alleged that MPLC is the owner or exclusive licensee of the copyrights at issue. Rather, Apache's Complaint alleges MPLC's rights consistent with its status as a copyright licensing agency, which lacks standing to sue for infringement. *See* Complt. ¶ 1 (MPLC "claims to be a copyright licensing entity"), ¶ 18 ("MPLC claims to be an independent copyright agency that purports to represent a conglomerate of studios and producers and specializes in obtaining licenses for certain motion pictures."). The

law is well-settled that copyright licensing agencies, as Apache alleges MPLC is, have no rights to sue for infringement under copyright law.  *See* 17 U.S.C. § 501(b); *Bourne Co.*, 990 F.2d at 937; *Granite Music Corp.*, 786 F. Supp. 2d at 724; *Original Appalachian Artworks, Inc.*, 679 F. Supp. at 1572; *Hulex Music*, 115 F.R.D. at 304.  Therefore, Apache has not alleged facts sufficient to support its declaratory judgment claim.  *See Rios*, 444 F.3d at 421.

## VI. CONCLUSION AND PRAYER

For the foregoing reasons, Defendant Motion Picture Licensing Corporation respectfully requests that the Court dismiss Plaintiff Apache Corporation's Complaint for lack of subject matter jurisdiction, and/or for failure to state a claim, and grant Defendant such other and further relief deemed just and proper.

Dated:  December 18, 2012				Respectfully submitted,

  /s/ Orrin L. Harrison III  
Orrin L. Harrison III  
Attorney-in-Charge  
Texas Bar No. 09130700  
Southern District of Texas Bar No. 12823  
Lisa S. Gallerano  
Texas Bar No. 07589500  
Southern District of Texas Bar No. 11005  
AKIN GUMP STRAUSS HAUER & FELD LLP  
1700 Pacific Ave., Ste. 4100  
Dallas, Texas 75201  
(214) 969-2800  
(214) 969-4343 (Facsimile)  
oharrison@akingump.com  
lgallerano@akingump.com  

**ATTORNEYS FOR DEFENDANT MOTION PICTURE LICENSING CORPORATION**

**CERTIFICATE OF SERVICE**

I hereby certify that on this 18th day of December, 2012, I electronically filed the foregoing Motion to Dismiss with the clerk of the court for the U.S. District Court, Southern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to all attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

    /s/ Orrin L. Harrison III
Orrin L. Harrison III