IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **APACHE CORPORATION,** | § § § | Case No. 4:12-cv-02965 |
| **Plaintiff,** | § § § | |
| v. | § § | **JUDGE KEITH P. ELLISON** |
| **MOTION PICTURE LICENSING CORPORATION,** | § § § § | |
| **Defendant.** | § § § § | |

**DEFENDANT MOTION PICTURE LICENSING CORPORATION'S
APPENDIX IN SUPPORT OF
<u>MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION</u>**

Tab 1    Maresca Declaration ................................................................................... Appx. 3-4

Tab 2    Exhibit A to Maresca Declaration (1986 DOJ Business Review Letter)........ Appx. 5-8

Tab 3    Exhibit B to Maresca Declaration
(Nov. 14, 2012 Letter from MPLC's Counsel to Apache's Counsel) .......... Appx. 9-10

Tab 4    Exhibit C to Maresca Declaration
(Nov. 26, 2012 Letter from MPLC to Apache's Counsel) ................................Appx. 11

**Appx. 1**

Dated:  December 18, 2012 Respectfully submitted,

 /s/ Orrin L. Harrison III
Orrin L. Harrison III
Attorney-in-Charge
Texas Bar No. 09130700
Southern District of Texas Bar No. 12823
Lisa S. Gallerano
Texas Bar No. 07589500
Southern District of Texas Bar No. 11005
AKIN GUMP STRAUSS HAUER & FELD LLP
1700 Pacific Ave., Ste. 4100
Dallas, Texas 75201
(214) 969-2800
(214) 969-4343 (Facsimile)
oharrison@akingump.com
lgallerano@akingump.com

**ATTORNEYS FOR DEFENDANT MOTION PICTURE LICENSING CORPORATION**

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of December, 2012, I electronically filed the foregoing Appendix with the clerk of the court for the U.S. District Court, Southern District of Texas, using the electronic case filing system of the court.  The electronic case filing system sent a "Notice of Electronic Filing" to all attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

 /s/ Orrin L. Harrison III
Orrin L. Harrison III

# TAB 1

Appx. 3

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| APACHE CORPORATION, | § | Case No. 4:12-cv-02965 |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | JUDGE KEITH P. ELLISON |
| MOTION PICTURE LICENSING CORPORATION, | § | |
| | § | |
| Defendant. | § | |

### DECLARATION OF JULIE S. MARESCA

Pursuant to 28 U.S.C. § 1746, I, Julie S. Maresca, declare and state according to my personal knowledge as follows:

1. My name is Julie S. Maresca, General Counsel for the Motion Picture Licensing Corporation ("MPLC"), which is the defendant in this case. I am over the age of 21 and competent to make this Declaration. I have personal knowledge of the facts stated herein and they are true and correct.

2. MPLC is a copyright licensing agency. MPLC has been granted the right by motion picture copyright owners to offer public performance licenses to allow for the public performance of essentially the entire library of the copyright owners' motion pictures and other audiovisual programs that are intended for personal, private home use only. The motion picture copyright owners retain public performance rights which may be exercised by the motion picture copyright owners or granted to other copyright licensing companies other than MPLC. A true and correct copy of a December 3, 1986 Letter from the U.S. Department of Justice's Antitrust

1

Division describing MPLC's copyright licensing authority is attached hereto as Exhibit A. MPLC continues to operate in the United States under the same restrictions as noted in Exhibit A.

3. MPLC does not own the copyrights for the motion pictures or programs for which it supplies licenses and it is not an exclusive licensee. Nor does MPLC have any contractual or other right to sue to enforce the copyrights.

4. MPLC and its counsel have informed Plaintiff Apache Corporation through letters dated November 14, 2012 and November 26, 2012 that MPLC does not have copyright ownership rights and cannot sue Apache for copyright infringement. True and correct copies of the November 14, 2012 and November 26, 2012 letters are attached hereto as Exhibit B and Exhibit C, respectively. These letters also informed Apache that there is no reasonable apprehension of suit by MPLC. *See* Exhibit B and Exhibit C.

I declare upon penalty of perjury that the foregoing is true and correct. Executed on December 17, 2012 at Los Angeles, California.

*Julie S. Maresca*
JULIE S. MARESCA

# TAB 2



U.S. Department of Justice

Antitrust Division

---

Office of the Assistant Attorney General          Washington, D.C. 20530

DEC 3 1986

Arthur Scheiner, Esquire
Wilner & Scheiner
Suite 300
The Thurman Arnold Bldg.
1200 New Hampshire Ave., N.W.
Washington, D.C. 20036

Dear Mr. Scheiner:

   This letter is in response to your April 22, 1986, request for a business review of a proposal, made by the Motion Picture Licensing Corporation of America ("MPLCA"), to license on a blanket basis to certain nontheatrical exhibitors the public performance rights in copyrighted motion pictures.

   As we understand the facts, MPLCA is a licensing organization recently established by Peter W. Kuyper, former head of the nontheatrical distribution divisions of two major motion picture producing studios, Paramount and MGM/UA. Mr. Kuyper is the sole owner of and investor in MPLCA, and no motion picture copyright owner or studio will have any ownership or investment interest in it.

   MPLCA proposes to obtain, from each studio or motion picture copyright owner, the exclusive right to offer to certain exhibitors in the nontheatrical 1/ exhibition market blanket licenses covering essentially the entire library of programs produced by the studio in the home videocassette format. 2/ The blanket license would allow unlimited use of the individual programs or titles covered by the license within the licensed period and would give the exhibitor the option of obtaining the videocassette either from the studio or from local retail outlets.

---

1/ Nontheatrical simply means outside the traditional movie theater.

2/ Home videocassettes are those available to consumers at retail outlets for private home viewing.

Film studios generally own the copyrights to the motion pictures and other programs they produce. Most studios distribute directly to theatres, television, home video outlets, and a few other nontheatrical exhibitors. However, most studios distribute to all other nontheatrical exhibitors primarily though two independent firms, Swank Motion Pictures, Inc. and Films, Incorporated.

For virtually all public performances in the nontheatrical exhibition market, the copyrighted programs are distributed directly to exhibitors by individual, i.e., title-by-title, licenses for a specific time, place and amount. Under such licenses, each program is supplied directly to the exhibitor by the studio producing it (or its authorized distributor). When the rental period is over, the exhibitor sends the film or tape back to the studio or distributor. Title-by-title licenses do not typically authorize the exhibitor to use a home videocassette obtained from a retailer for a public performance.

MPLCA's plan contemplates receiving exclusive blanket licensing authority from the studios. MPLCA will not seek authority to engage in title-by-title licensing. Under blanket licenses, MPLCA will make available to exhibitors all films produced by the studio that has given the blanket authority. Unlike title-by-title licenses, however, with blanket licensing, exhibitors will be authorized to show films using home videocassettes obtained from retail outlets. The licensing authority MPLCA seeks will include the right to be, for each studio, the exclusive and only source, or distributor, of a blanket license covering all the copyrighted films owned by that studio available to certain nontheatrical exhibitors. Under the proposed blanket licensing plan, the studios will retain all licensing rights for certain other segments of the nontheatrical exhibition market, including television and distribution to home video outlets. Further, nontheatrical exhibitors will remain free to continue to obtain films directly from the studios or distributors on a title-by-title basis in lieu of obtaining films under MPLCA's blanket license.

You have advised that, because of the convenience of readily available home videocassettes from local retail outlets, there is a considerable but undetermined amount of allegedly unauthorized public performance use of copyrighted motion pictures in the nontheatrical exhibition market. The costs required to detect such use, police the market, and enforce copyrights can be very high. Moreover, there are many individual copyrighted programs and many potential exhibitors in the nontheatrical exhibition market. Thus, the transaction

2

costs of negotiating individual licenses may be relatively high. You contend that significant reductions in both transaction and enforcement related costs, as well as in the costs of maintaining large film inventories, will result from the proposed blanket license as compared to direct title-by-title licenses.

Based upon the foregoing, the Department of Justice has no present intention to challenge MPLCA's plans to market and implement its proposed blanket licenses. Blanket licenses offer the possibility of substantial benefits and efficiencies in the distribution of films. Nonetheless, the Department reserves the right to bring whatever action or proceeding it believes is required by the public interest if MPLCA's blanket licensing program proves anticompetitive in effect. We note in this regard one area of concern. Blanket licensing of music performance rights has been upheld whenever title-by-title licensing by individual copyright owners is available and feasible. 3/ If title-by-title licenses fail to continue as a practical alternative for the exhibitors, and if MPLCA is successful in obtaining exclusive rights from all or most of the studios, MPLCA may be in a position to exercise market power as against the nontheatrical exhibitors. Further, in such circumstance, the blanket licensing program might be used unlawfully to facilitate collusion at the studio level.

This business review is limited solely to the terms of the proposed blanket license, as outlined in your April 22 request. Variations in your proposal, such as obtaining the authority to license on a title-by-title basis or other forms that a blanket license might take, have not been considered in making this response.

This statement of the Department's enforcement intentions is made in accordance with the Department's business review procedure, 28 C.F.R. § 50.6, a copy of which is enclosed.

---

3/ See, e.g., CBS v. ASCAP, 620 F.2d 930, 935-37 (2d Cir. 1980), cert. denied, 450 U.S. 970, reh'g denied, 450 U.S 1050 (1981); and Buffalo Broadcasting v. ASCAP, 744 F.2d 917, 928-30 (2d Cir. 1984), cert. denied, 105 S. Ct. 118 (1985).

Pursuant to its terms, your business review request and this letter will be made available to the public immediately. Your supporting documents will be made publicly available within 30 days of the date of this letter unless you request that any part of the material be withheld in accordance with Paragraph 10(c) of the Business Review Procedure.

                                           Sincerely,

                                           Charles F. Rule
                                Acting Assistant Attorney General

Enclosures

4

# TAB 3



ORRIN L. HARRISON, III
1.214.969.2860/fax: 1.214.969.4343
oharrison@akingump.com

November 14, 2012

<u>**VIA HAND DELIVERY**</u>

Tim Durst
Baker Botts LLP
2001 Ross Avenue
Dallas, Texas  75201-2980

      Re:    *Apache Corporation v. Motion Picture Licensing Corporation*, Case No. 4:12-cv-02965 in the U.S. District Court for the Southern District of Texas

Dear Tim:

     My client, Motion Picture Licensing Corporation ("MPLC"), has now agreed to waive service and would be expected to respond to Apache's Declaratory Judgment Action ("Action") by December 4, 2012.  I write to see if we can short circuit what would be an exercise in futility and ask for a meeting with you either this Friday or early next week.

     The Action rests principally on a misapprehension of the underlying facts and negotiations of the parties.  At the end of the analysis, however, Apache should have no reasonable apprehension of a copyright suit by MPLC.

     During the negotiations, MPLC offered Apache a blanket license for public performance of motion pictures and other programs within facilities owned and/or operated by Apache.  Other correspondence during the negotiations was sent to Jay Schultz, corporate counsel for Apache, from Harvey Shapiro.  As Mr. Shapiro explained, he is counsel to certain motion pictures production and distribution companies which are the exclusive copyright owners of particular works and performances.  Only those production and distribution companies can enforce their copyrights.

     The MPLC can prevent infringement actions on those copyrights by issuing the blanket license which was offered to Apache.  As the negotiations for that blanket license stalled, MPLC simply withdrew its offer to Apache by letter dated August 31, 2012.



Tim Durst
November 14, 2012
Page 2

     MPLC at this point should not be involved in your Action. There is no reasonable apprehension of a copyright infringement action by MPLC. I would appreciate some time with you Friday or early next week to discuss dismissal by Apache of its Action.

                                      Very truly yours,

                                      Orrin L. Harrison, III

# TAB 4



Julie Maresca
Sr. Vice President and General Counsel

5455 Centinela Avenue
Los Angeles, CA 90066-6970
Telephone: (310) 822-8855, ext 3030
Facsimile: (310) 827-6865
jmaresca@mplc.com

November 26, 2012

**VIA EMAIL**

Tim Durst (tim.durst@bakerbotts.com)
Baker Botts LLP
2001 Ross Avenue
Dallas, Texas 75201-2980

Re: *Apache Corporation v. Motion Picture Licensing Corporation*, Case No. 4:12-cv-02965 in the U.S. District Court for the Southern District of Texas

Dear Mr. Durst:

I am General Counsel for the Motion Picture Licensing Corporation ("MPLC"). I understand that you have received a November 14, 2012 letter from MPLC's counsel Orrin Harrison, and send this letter in further affirmation of the facts contained therein.

As previously explained to Apache Corporation during communications concerning a potential umbrella license, the MPLC is a copyright licensing agency. Specifically, we supply licenses to allow for the public performance of motion pictures and other audiovisual programs that are intended for personal, private home use only. MPLC does not, however, own the copyrights for those motion pictures or programs, nor does MPLC have any contractual or other right to sue to enforce the copyrights owned by our member licensors.

The MPLC's position is that Apache should know the facts of its usage, and is able determine its need for an umbrella license -- it is not incumbent on the MPLC to provide information to Apache regarding its own usage. This was also the MPLC's position during its communications with Apache over a potential license.

As there is -- and can be -- no reasonable apprehension of suit by the MPLC under the facts and circumstances here, Apache's Declaratory Judgment Action should be dismissed.

Very truly yours,

*[signature]*

Julie S. Maresca

EXHIBIT C                Appx. 11